UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MORTGAGE RESOLUTION SERVICING
LLC, et al.,

       Plaintiffs,

  -v-                                                      No.  15 CV 293-LTS-JCF

JPMORGAN CHASE BANK, N.A., et al.,

       Defendants.

-------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

Plaintiffs Mortgage Resolution Servicing, LLC, 1st Fidelity Loan Servicing, LLC, and S&A Capital Partners, Inc. (collectively, "Plaintiffs"), bring this action against JPMorgan Chase Bank, N.A., Chase Home Finance, LLC, and JPMorgan Chase & Co. (collectively, "Defendants") asserting breach of contract, breach of warranty, and various related tort claims. Before the Court is Defendants' motion to transfer venue to the United States District Court for the District of Columbia.  (Docket entry no. 42.)  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, and the parties have not contested that this Court has personal jurisdiction over the parties.  The Court has carefully considered the parties' submissions, and for the following reasons Defendants' motion to transfer is denied.

28 U.S.C. § 1404(a) permits this Court to transfer any civil action pending before it to another district where it might have been brought, where such transfer is "[f]or the convenience of the parties and witnesses, in the interest of justice."  28 U.S.C.S. § 1404(a) (LexisNexis 2012).  The parties do not dispute that this case could have been brought in the District of Columbia.  Having satisfied that threshold inquiry, the Court must evaluate the

following factors in determining whether transfer is appropriate:

> (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) trial efficiency and the interests of justice.

Hix v. Morgan Stanley & Co. LLC, No. 15 CV 217, 2015 WL 1726548, at *1 (S.D.N.Y. Apr. 15, 2015).  The burden is on the party seeking transfer to "mak[e] out a strong case for transfer" through "clear and convincing evidence."  N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 114 (2d Cir. 2010).  This Court has "broad discretion" in determining whether transfer is appropriate, and "notions of convenience and fairness [must be] considered on a case-by-case basis."  D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006).

Defendants' motion to transfer is premised on two arguments, which they argue sound in the interest of fairness and judicial economy: (1) that this case is substantially related to a False Claims Act case currently pending before the D.D.C., U.S. ex rel. Schneider v. JPMorgan Chase Bank N.A., No. 14CV1047 (the "FCA Action"); and (2) the factual basis for this case is substantially intertwined with the National Mortgage Settlement ("NMS") that was presided over by Judge Rosemary M. Collyer of the D.D.C.

This case, however, is a breach of contract action arising out of a relationship between the parties that allegedly dates back to 2005, a significant period of time prior to the NMS, which was approved in April 2012.  (Third Amended Complaint, docket entry no. 67, ¶¶ 14, 97.)  Plaintiffs' claims for relief do not involve violations of the NMS per se, but rather breaches of contract and contractual warranties, which involve questions of law and fact wholly distinct from the NMS.  (See id. ¶¶148-163.)  Based on the record presently before the Court, whether and how the NMS was violated -- the key question of fact in the FCA Action -- is not

the central question posed by the breach of contract allegations in Plaintiffs' complaint, and therefore does not militate in favor of transfer.

It is also relevant that a New York forum selection clause is present in one of the contracts underlying this action, and while that contract does not bind all of the Plaintiffs and all of the Defendants, the clause is a significant factor disfavoring transfer of this action.  See Atlantic Marine Const. Co., Inc. v. U.S. District Court for the Western Dist. of Tx., 134 S.Ct. 568, 582 (2013) ("[F]orum selection clauses should control except in unusual cases.").

The remaining factors do not weigh in favor of transferring this case to the D.D.C., as Defendants' arguments indicating some connection to D.C. are generally a reiteration of their arguments discussed earlier relating to the FCA Action and the NMS.  The Court therefore finds that Defendants have not demonstrated through a clear and convincing showing that the interests of justice strongly favor transfer to the United States District Court for the District of Columbia.  However, in the interests of efficient pre-trial management, the parties are encouraged to undertake efforts to coordinate informally discovery of common issues of fact, insofar as feasible, that may arise in the FCA action pending in D.C.

CONCLUSION

For the foregoing reasons, Defendants' motion to transfer is denied. This Order resolves docket entry no. 42. This case remains assigned to Magistrate Judge Francis for general pre-trial management per docket entry no. 31.

SO ORDERED.

Dated: New York, New York
December 22, 2015

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge