UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -:
MORTGAGE RESOLUTION SERVICING, LLC,: 15 Civ. 0293 (LTS) (JCF)
1ST FIDELITY LOAN SERVICING, LLC, :
and S&A CAPITAL PARTNERS, INC., :
                                   :   MEMORANDUM
                                   :   AND   ORDER
          Plaintiffs,              :
                                   :
     - against -                   :
                                   :
JPMORGAN CHASE BANK, N.A., CHASE   :
HOME FINANCE LLC, and JPMORGAN     :
CHASE & CO.,                       :
                                   :
          Defendants.              :
- - - - - - - - - - - - - - - - - - -:

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/16/17

This case involves claims that after the plaintiffs sold the defendants bundles of residential mortgages, the defendants wrongfully released liens and issued forgiveness letters with respect to some of the mortgaged properties. The plaintiffs, Mortgage Resolution Servicing, LLC, 1st Fidelity Loan Servicing, LLC, and S&A Capital Partners, Inc., have moved to set aside the designation of deposition transcripts of third-party witnesses Brian Bly and Erika Lance (collectively, the "Deponents") as "Confidential" or "Attorneys' Eyes Only." Mr. Bly and Ms. Lance are employees of National Title Clearing, Inc. ("National Title"), which, together with the Deponents, opposes the motion.

A court may issue an order to protect a person who is subject

1

to discovery from "annoyance, embarrassment, oppression, or undue burden" or to maintain the confidentiality of a "trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1).

> The party seeking a protective order "must [] show good cause for restricting dissemination on the ground that it would be harmed by its disclosure." The showing of harm may not be couched in generalities; the party resisting unfettered disclosure must demonstrate a "clearly defined" and "specific" injury which is "serious" or "significant."

Closed Joint Stock Company "CTC Network" v. Actava TV, Inc., No. 15 Civ. 8681, 2016 WL 1364942, at *3 (S.D.N.Y. March 28, 2016) (first quoting 8A Charles Alan Wright et al., Federal Practice and Procedure § 2043 (3d ed. 2010); then quoting John Wiley & Sons, Inc. v. Book Dog Books, LLC, 298 F.R.D. 184, 186 (S.D.N.Y. 2014)). Frequently, the parties will stipulate to, or the court will enter, a "blanket" confidentiality order, like the one in this case, that does not identify the specific information subject to protection, but instead permits the parties (or non-parties) to designate information as confidential. "In such a case, the 'good cause' showing is temporarily postponed 'until a party or intervenor challenges the continued confidential treatment of certain particular documents' or testimony, at which point 'the burden of establishing good cause then lies with the party seeking to prevent the disclosure.'" Koch v. Greenberg, No. 07 Civ. 9600, 2012 WL

1449186, at *1 (S.D.N.Y. April 13, 2012) (quoting In re Parmalat Securities Litigation, 258 F.R.D. 236, 243 (S.D.N.Y. 2009)).

Here, neither the Deponents nor National Title have met their burden. Although the Deponents have submitted affidavits attesting that they have been subject to harassment as the result of dissemination of their testimony in prior mortgage-related litigation (Affidavit of Bryan Bly dated May 2, 2017, ¶¶ 4-5; Affidavit of Erika Lance dated May 2, 2017, ¶¶ 3-4), they have not explained what it was about their prior testimony that might have caused them to be harassed or how their current testimony might have similar consequences. Nor have they identified with particularity which questions and answers in the deposition transcript could subject them to retaliation if disclosed. Nor have they suggested why, even if some of the testimony merits confidential treatment, it should be designated as Attorneys' Eyes Only and shielded from the parties. Similarly, although the Chief Legal Officer for National Title asserts that the depositions contain trade secrets and confidential information (Affidavit of Myron Finley dated May 3, 2017, ¶¶ 7-9), he has not identified any specific proprietary processes revealed in the testimony.

Because of the potential harm that may be caused by the dissemination of truly confidential information, the Deponents and National Title should be accorded a second opportunity to

3

demonstrate what portions of the deposition transcripts, if any, merit continued protection. This exercise, however, may ultimately be rendered moot. The plaintiffs have filed a motion in the United States District Court for the Middle District of Florida seeking to compel Ms. Lance to answer questions to which she refused to respond in her initial deposition; that motion has been transferred to this court by agreement of the parties. (Plaintiffs' Reply in Further Support of Motion Challenging the Designation of the Deposition Transcripts of Third-Party Witnesses Bryan Bly and Erika Lance ("Pl. Reply") at 6 & n.2). Apparently, the transcript depositions for both Deponents were submitted with the motion. (Pl. Reply at 6). To the extent that the determination of the motion to compel were to be predicated on the transcripts, there would arise a strong presumption that the public would have a right of access to those documents. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-21 (2d Cir. 2006).

The appropriate resolution, then, is to grant the plaintiffs' motion but to stay setting aside the confidentiality designations pending the submission of any supplemental argument by the Deponents or National Title. Therefore, within two weeks of the determination of the motion to compel, Deponents and National Title may provide supplemental briefing addressing the concerns set forth here. If they do not make such a submission, the stay will

automatically be lifted and the designations set aside. If any supplemental papers are submitted, the stay will remain in effect pending further court order.

Conclusion

For the reasons discussed, the plaintiffs' Motion Challenging the Designations of the Deposition Transcripts of Third-Party Witnesses Bryan Bly and Erika Lance (Docket no. 165) is granted, but the effect of this order is stayed as set forth above.

SO ORDERED.

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         May 16, 2017

Copies transmitted this date:

Brent S. Tantillo Esq.
Tantillo Law PLLC
1629 K Street, NW, Suite 300
Washington, DC 20006

Gary F. Eisenberg, Esq.
Perkins Coie LLP
30 Rockefeller Plaza, 22nd Floor
New York, NY 10112

Robert D. Wick, Esq.
Michael M. Maya, Esq.
Christian J. Pistilli, Esq.
Covington & Burling, LLP
One City Center
850 10th St., NW
Washington, DC 20001

Michael C. Nicholson, Esq.
Covington & Burling LLP
620 Eighth Ave.
New York, NY 10018-1405

Glen Silverstein, Esq.
Leader & Berkon LLP
630 Third Avenue, 17th Floor
New York, NY 10017