UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MORTGAGE RESOLUTION SERVICING,
LLC, et al.,

        Plaintiffs,

     -v-                            No.  15 CV 293-LTS-JCF

JPMORGAN CHASE BANK, N.A., et al.,

        Defendants.

-------------------------------------------------------x

<u>MEMORANDUM OPINION AND ORDER</u>

On June 15, 2017, Plaintiffs filed a motion for a temporary restraining order and preliminary injunction, seeking Court oversight or the appointment of a special master to supervise Defendants' actions relating to certain mortgage loans that are the subject of the underlying action.  (Docket entry no. 189.)  The Court denied Plaintiffs' motion insofar as it sought a temporary restraining order on June 16, 2017, holding that Plaintiffs failed to show that they would suffer irreparable harm in the absence of immediate injunctive relief.  (Docket entry no. 195.)

The Court has carefully considered the submissions of both parties and, for the following reasons, Plaintiffs' motion for a preliminary injunction is denied.  This Memorandum Opinion and Order sets forth the Court's findings of fact and conclusions of law in accordance with Federal Rules of Civil Procedure 52 and 65.

FINDINGS OF FACT

Plaintiffs Mortgage Resolution Servicing, LLC ("MRS"), 1st Fidelity Loan Servicing, LLC ("1st Fidelity"), and S&A Capital Partners, Inc. ("S&A" and, together with MRS and 1st Fidelity, "Plaintiffs"), are in the business of buying defaulted residential mortgage loans. (Docket entry no. 191, Declaration of Laurence Schneider ("Schneider Decl."), at ¶¶ 1, 3.) In February 2009, MRS purchased a pool of loans from JPMorgan Chase Bank, N.A. and its affiliates (collectively referred to for the purposes of this opinion as "Chase") pursuant to the terms of a Mortgage Loan Purchase Agreement ("MLPA"). (Id. ¶¶ 7-9.) The list of loans sold pursuant to the MLPA was to be provided as Exhibit A to that agreement, but was not included at the time the MLPA was signed. (Id. ¶ 11.) Chase did provide MRS with a schedule of loans along with a countersigned copy of the MLPA, the completeness of which schedule is disputed in the underlying litigation. (Id. ¶ 12.) Plaintiffs expected that the MLPA would include approximately 3,529 loans. (Id. ¶ 11.)

In February 2015, a borrower named Joseph Davis contacted Plaintiffs and stated that he had been told by Chase that his loan was sold to Plaintiffs. (Id. ¶ 15.) However, Plaintiffs did not have an assignment of Davis' mortgage from Chase. (Id.) Davis filed a complaint against Plaintiffs with two state Attorneys General over the disputed ownership of the loan. (Id.)

In March 2016, a dispute between Plaintiffs and Chase arose over a loan to Mary Schmidt. (Id. ¶ 16.) When Schmidt attempted to sell her home, she learned that there was a lien on the property relating to a line of credit she had opened with Chase, but Chase asserted that it has assigned that loan to Plaintiffs. (Id.) Plaintiffs, however, did not have any documentation relating to the loan. (Id.) When Chase provided Plaintiffs with documentation, Plaintiffs

rejected that documentation as possibly fraudulent, and requested a new assignment be prepared. (Id.)  A new assignment was ultimately provided.  (Id.)

In May 2016, a borrower named Willie Holmes was told by Chase that his mortgage had a zero balance.  (Id. ¶ 17.)  Holmes then contacted Plaintiffs, who did not have a copy of the loan file.  (Id.)  Holmes contacted Chase in February 2017 to have the assignment of mortgage prepared so that he could sell his house.  (Id.)

In addition to these specific examples, Plaintiffs allege generally that there are problems and errors in the documents Chase has provided to Plaintiffs relating to the loans at issue in the underlying litigation.  (See generally id. ¶¶ 21-28, 34-37.)

CONCLUSIONS OF LAW

"A party seeking a preliminary injunction must either show that he is likely to succeed on the merits; that he is likely to suffer irreparable harm in the absence of preliminary relief; that the balance of equities tips in his favor; and that an injunction is in the public interest; or he may show irreparable harm and either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." Am. Civil Liberties Union v. Clapper, 785 F.3d 787, 825 (2d Cir. 2015) (internal citation and quotation marks omitted).  "The showing of irreparable harm is perhaps the single most important prerequisite for the issuance of a preliminary injunction, and the moving party must show that injury is likely before the other requirements for an injunction will be considered."  Kamerling v. Massanari, 295 F.3d 206, 214 (2d Cir. 2002) (internal quotation marks, modifications, and citations omitted).

The Court finds that Plaintiffs have failed to establish that they are likely to suffer irreparable harm in the absence of a preliminary injunction granting them the relief they request. Salinger v. Colting, 607 F.3d 68, 82 (2d Cir. 2010) ("[P]laintiffs must show that, on the facts of their case, the failure to issue an injunction would actually cause irreparable harm."). The record before the Court indicates that Plaintiffs' allegations of harm stretch back several years—indeed, Plaintiffs' most strident arguments indicate that the problems they complain about were apparent when the underlying agreement was signed in 2009. The very few specific facts Plaintiffs identify as giving rise to their alleged harms began in 2015. The Second Circuit has repeatedly held that such long delays prior to seeking preliminary injunctive relief undercut a showing of irreparable harm. See, e.g., Tough Traveler, Ltd. v. Outbound Products, 60 F.3d 964, 968 (2d Cir. 1995) (holding that there was no irreparable harm shown where plaintiff filed a motion for preliminary injunctive relief one year after the allegedly injurious conduct); Citibank, N.A. v. Citytrust, 756 F.2d 273, 276 (2d Cir. 1985) (holding that a delay of "more than ten weeks after it learned" of the conduct giving rise to alleged irreparable harm was unjustified).

Although Plaintiffs were clearly aware of the conduct of which they complain by at least 2015, they did not seek injunctive relief until mid-2017. This delay alone is sufficient to undermine Plaintiffs' ability to establish irreparable harm. Further, however, the limited concrete evidence before the Court indicates that whatever harm Plaintiffs are suffering is compensable by money damages. Indeed, the underlying pleadings in this action—both the operative Third Amended Complaint (docket entry no. 67) and the proposed Fourth Amended Complaint (docket entry no. 151, Exhibit 1)—seek only money damages, not injunctive relief. See Moore v. Consolidated Edison Co. of N.Y., Inc., 409 F.3d 506, 510 (2d Cir. 2005) ("Where there is an adequate remedy at law, such as an award of money damages, injunctions are

unavailable except in extraordinary circumstances.").  Although Plaintiffs assert that they face

potential difficulties with government regulators that may not be compensable, they have failed

to make a sufficient factual showing that such harm is likely in the absence of the relief they

seeks here.  Plaintiffs have made only one showing of this kind of harm—Davis' filing of

complaints with state attorneys general—and the Court finds that this is insufficient to establish

entitlement to the sweeping injunctive relief Plaintiffs seek.

      Having failed to demonstrate a likelihood of irreparable harm, Plaintiffs' motion

for a preliminary injunction necessarily fails.


<u>CONCLUSION</u>

      For the foregoing reasons, Plaintiffs' motion for a preliminary injunction is denied

in its entirety.  This Memorandum Opinion and Order resolves docket entry no. 189.  This case

remains referred to Magistrate Judge Francis for general pre-trial management.

    SO ORDERED.

Dated: New York, New York
      September 12, 2017

                         /s/ Laura Taylor Swain
                        LAURA TAYLOR SWAIN
                        United States District Judge