UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

S & A CAPITAL PARTNERS, INC., :
MORTGAGE RESOLUTION SERVICING, :
LLC, and 1ST FIDELITY LOAN :
SERVICING, LLC, : No. 15-cv-00293-LTS-JCF
*Plaintiffs,* :
:
- v. - :
:
JPMORGAN CHASE BANK, N.A., :
JPMORGAN CHASE & CO., and CHASE :
HOME FINANCE LLC, :
:
*Defendants.* :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF LOAN SERVICING DATA AND TAX RETURNS**

Robert D. Wick
Christian J. Pistilli
Philip J. Levitz
COVINGTON & BURLING LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6000

Michael C. Nicholson
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
(212) 841-1000

*Attorneys for Defendants*

Defendants JPMorgan Chase Bank, N.A., individually and as successor by merger to Chase Home Finance LLC, and JPMorgan Chase & Co. (collectively, "Chase" or "Defendants") submit this Reply Memorandum of Law in further support of their Motion to Compel Loan Servicing Data and Tax Returns.

Plaintiffs do not dispute the relevance of complete loan-by-loan servicing data for the loans at issue in this litigation, but they have repeatedly reneged or failed to comply with promises to produce it. After Plaintiffs reneged on their original April 2017 commitment to produce this information, Chase moved to compel its production. Plaintiffs then represented that they would produce the data by mid-September and Chase, relying on that representation, withdrew its original motion. Chase has now been forced to renew its motion because Plaintiffs neither produced the data as promised nor responded to Chase's repeated inquiries regarding the status of the promised production. In response to Chase's renewed motion, Plaintiffs for the first time attempt to explain the reasons for their delay and again promise to produce this data shortly. Notwithstanding these latest assurances, in light of Plaintiffs' conduct to date and the long delay Chase has faced in its efforts to obtain this data, Chase respectfully requests that the Court order Plaintiffs to complete their production of loan servicing data by November 10, 2017.

The Court should also order Plaintiffs to produce a complete set of tax returns for both the Plaintiff entities and for their principal, Laurence Schneider. Plaintiffs do not dispute that this information is relevant and should be produced. Instead, they suggest that they have already produced any existing tax returns. With respect to the Plaintiff entities, however, this is directly contradicted by a letter from Plaintiffs' accountant stating unequivocally that additional tax returns exist. And, with respect to Mr. Schneider, this would imply that Mr. Schneider has (remarkably) filed no more than a single tax return since 2008—a representation that Plaintiffs

have never been willing to make in a clear and unambiguous form. Accordingly, Plaintiffs should be ordered to produce all tax returns that they or Mr. Schneider filed for 2008 to the present and, to the extent that no return was filed for a given year, to produce any related documents—including extension requests and estimated tax payments—reflecting their and Mr. Schneider's tax status during that period.

## ARGUMENT

I. **THE COURT SHOULD ORDER PLAINTIFFS TO PRODUCE LOAN-BY-LOAN SERVICING DATA FOR ALL OF THE LOANS THEY PURCHASED FROM CHASE.**

The Court should order Plaintiffs to complete their production of long-promised, admittedly relevant, loan-by-loan servicing by a date certain. In their response to Chase's motion, Plaintiffs "recognize that servicing data for the loans [they] purchased from Defendants is relevant to the instant case" and should be produced. Resp. 2 (ECF Doc. No. 243); *see also* Mem. 10-11 (ECF Doc. No. 240). Chase's motion requests only that Plaintiffs follow-through on their commitment to provide this data. Plaintiffs do not deny that they can provide the data, and appear to agree to do so.

Without contesting their obligation to produce the requested data, Plaintiffs engage in a lengthy recitation of the difficulties that they claim to have faced in collecting and producing it. Chase, however, was only informed of the asserted difficulties for the first time upon receipt of Plaintiffs' response brief. Moreover, as Chase explained in its opening brief and as Plaintiffs fail to dispute, Chase renewed its motion to compel only after Plaintiffs (1) failed to produce the servicing data by the date on which they committed to do so, (2) failed to offer any explanation to Chase for the delay, and (3) failed to respond to repeated inquiries from Chase regarding the status of promised production. Mem. 6-7.

2

Chase understands that Plaintiffs are now again agreeing to produce loan-by-loan servicing data for all the loans they allegedly purchased from Chase, including both the "raw data" requested by Chase and a "summary" of that data being prepared by Plaintiffs' purported expert. Resp. 2, 7.[1] In light of Plaintiffs' repeated failures to follow through on their commitments to produce this data, however, Chase respectfully requests that the Court order Plaintiffs to complete their production of loan-by-loan servicing data on or before November 10, 2017.[2] This deadline is necessary to ensure that the production is completed in a timely manner and to allow the parties to complete fact and expert discovery on the current schedule, which has already been extended several times.

II. **THE COURT SHOULD ORDER PLAINTIFFS TO PRODUCE A COMPLETE SET OF TAX RETURNS FOR THE PLAINTIFF ENTITIES AND MR. SCHNEIDER.**

In their response to Chase's motion, Plaintiffs do not dispute that tax returns from 2008 to the present for the Plaintiff entities and Mr. Schneider are relevant and contain information that is not otherwise readily obtainable. *See* Resp. 7-8; *see also* Mem. 13-14. Plaintiffs instead contend that they have already produced certain tax returns. *See* Resp. 7-8. However, evidence described in Chase's motion—which Plaintiffs ignore in their response—makes clear that Plaintiffs have *not* produced all of the tax returns they have for the Plaintiff entities. As Chase explained in its motion, Plaintiffs produced a letter from their accountant stating that tax returns

---

[1] Plaintiffs should also be required to produce any documents reflecting intermediate steps taken in creating their summary of the raw data, so that Chase can understand and evaluate the accuracy of the summary and the process through which the summary was generated.

[2] Plaintiffs state that it will take approximately seven to ten days from the date they filed their response (October 16) for BSI Financial Services, Inc. to provide the remaining data to Managed Outsourcing Services ("MOS"), approximately five business days—*i.e.*, until no later than November 2—for MOS to analyze the data, and then "a few additional days" for Plaintiffs' purported expert to review and integrate the data. Resp. 6-7. Plaintiffs should therefore be in a position to complete their production by no later than November 10, 2017.

exist for Mortgage Resolution Servicing, LLC ("MRS") from 2009 through 2013, for 1st Fidelity Loan Servicing, LLC ("First Fidelity") from 2008 through 2012, and for S&A Capital Partners, Inc. ("S&A") from 2007 through 2013. Mem. 15. Yet, Plaintiffs have undisputedly failed to produce tax returns for MRS from 2013, for First Fidelity from 2010 or 2011, or for S&A from 2008 through 2011. *Id.* These returns should be produced promptly.

Plaintiffs' response also continues their pattern of evasion regarding the status of Mr. Schneider's personal tax returns. Chase has requested—and Plaintiffs have ostensibly agreed to produce—copies of all of Mr. Schneider's tax returns since 2008. *See* Mem. 7-9. To date, however, the only tax return that Plaintiffs have produced for Mr. Schneider is a cut-off (and therefore illegible) copy of a 2009 return.[3] Plaintiffs' response implies, without ever clearly stating, that Mr. Schneider has—incredibly—failed to file more than a single tax return since 2008. If that is in fact true, Chase is entitled to a clear and unambiguous representation of that fact, as well as to the production of any related documents reflecting Mr. Schneider's tax status during that period, including any extension requests and responses, estimated tax payments, or Form W-2s. And, if Mr. Schneider has in fact filed tax returns during the period 2008 to 2017, Chase is entitled to complete, legible copies of those as-filed returns. *See* Mem. 12-14.

---

[3] Plaintiffs assert that they provided a new, legible copy of Mr. Schneider's 2009 return as an attachment to an October 10, 2017 letter. Resp. 7. However, a copy of the 2009 return was not in fact attached to Plaintiffs' letter. Plaintiffs also have produced copies of 2010 and 2011 tax returns, but those unsigned returns are marked "draft" and do not appear to have been filed with the Internal Revenue Service.

4

## CONCLUSION

For the foregoing reasons, the Court should order Plaintiffs to produce, by November 10, 2017, (i) consolidated, loan-by-loan loan servicing data with complete payment histories for every loan that Plaintiffs claim to have purchased from Chase (including both the "raw data" and Plaintiffs' "summary"); and (ii) all final tax returns for all Plaintiff entities and for Mr. Schneider in every year in which a return was filed from 2008 to the present, and, for years when no return was filed, any documents that confirm the absence of a filed tax return and/or provide information on Plaintiffs' income and losses comparable to the information that would be included in a tax return, including estimated tax payments and Form W-2s.

Dated: Washington, DC
October 20, 2017

Respectfully submitted,

By:   s/ Robert D. Wick
       Robert D. Wick

Christian J. Pistilli
Philip J. Levitz
COVINGTON & BURLING LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
rwick@cov.com
cpistilli@cov.com
plevitz@cov.com

Michael C. Nicholson
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
Telephone: (212) 841-1000
mcnicholson@cov.com

*Attorneys for Defendants*