

Brent S. Tantillo

100 Church Street, 8th Floor
New York, NY 10007

T 786-506-2991
btantillo@tantillolaw.com

December 12, 2017

**Via ECF and Federal Express**

Hon. Robert W. Lehrburger
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007-1312

                Re: *S & A Capital Partners, Inc., et al. v. JPMorgan Chase Bank, N.A., et al.*
                   No. 15-cv-00293-LTS-RWL

Dear Judge Lehrburger:

      Pursuant to your Honor's Individual Practices in Civil Cases § II.D, Plaintiffs file this letter-motion regarding Defendants' ongoing and systemic failure to provide complete responses to discovery requests that were subject to two prior Motions to Compel and corresponding orders from the Court on July 14, 2016 (DE 111) and May 18, 2017 (DE 184). *See* Ex 1 and 2 to Letter Motion. Defendants' ongoing refusal to produce the requested documents it has been *twice* ordered by the Court to produce is without justification, and Defendants should be ordered to comply with their long-overdue discovery obligations.

**I.    Background**

      For nearly the last nine years, Defendants have refused to produce loan servicing data as it relates to a February 25, 2009 bulk loan purchase of 3,529 first lien mortgage loans by Plaintiff Mortgage Resolution Servicing, LLC ("MRS"), the terms of which purchase were stated in the executed Mortgage Loan Purchase Agreement ("MLPA:"). *See* Schneider Decl., ¶ 16, Ex. 3 to Letter Motion. The MLPA specifically called for Chase to produce this data and pay to produce this data. After fruitlessly attempting to negotiate for several years with Defendants to get the requisite loan data to service these loans, Plaintiffs suffered further insult to their injury when Defendants released hundreds of liens on the debt that Plaintiffs had purchased from Defendants when Defendants attempted to comply with the consumer relief obligations of the National Mortgage Settlement Agreement ("NMS") and the Residential Mortgage Backed Settlement ("RMBS") with the U.S. government. Thereafter, Plaintiffs filed suit against Defendants. *See* Schneider Decl., ¶ 16, Ex. 3 to Letter Motion

      Chase has recognized the importance of the information that Plaintiffs have requested, as they similarly requested Plaintiffs produce it in discovery as well, and Plaintiffs have in fact complied with that request. *See* Ex 4 to Letter Motion. *However,* what is good for the goose is not apparently good for the gander, as Plaintiffs requested this data after this lawsuit was filed as part of its First Request for the Production of Documents nearly a year and a half ago, and then was forced to move this Court to compel Defendants on two separate occasions to produce this data. *See* DE 92 & DE 146. The Court entered two orders compelling Defendants to produce these documents; however, to date, Plaintiffs still have not

received the loan data for the MRS bulk purchase like they did for the individual note sale purchases by Plaintiffs 1st Fidelity Loan Servicing, LLC ("1st Fidelity") and S&A Capital, Inc. ("S&A").

On November 3, 2017, Plaintiffs wrote to Defendants to outline the areas of deficiency in Defendants' production. *See* Ex 4 to Letter Motion. These areas of deficiency consisted of the following: (a) meaning of codes in the spreadsheets that Chase has produced in discovery in lieu of the loan servicing documents relating to mortgage positions, JPMC-MRS-00387298 and 00387337; (b) debt forgiveness letters sent to Plaintiffs' borrowers by Chase, and use of codes in these spreadsheets relating to these debt forgiveness letters; (c) lien releases by Chase on loans sold to Plaintiffs, and documentation of those lien releases, including in the Chase spreadsheets; (d) production of RESPA letters and assignments of mortgages; and (e) pre-charge-off loan history and post-sale collections as Chase has continued to collect on Plaintiffs' loans. A copy of this letter is attached as Exhibit 1 to this Motion. Chase uniformly dismissed these concerns and deficiencies in its letter of November 21, 2017, attached as Exhibit A to the Declaration of Douglas E. Lord submitted as Exhibit 5 with this Letter Motion.

On December 6, 2017, pursuant to the Court's Individual Practices, counsel for Plaintiffs conferred with counsel for Chase by telephone regarding the subject of this motion, but the parties were unable to resolve their differences.

## II. Argument

Defendants persist in a pattern of avoidance of their discovery obligations in this case, a pattern that is wholly unjustified and bewildering in the face of the following. First, the bulk of the information that Plaintiffs have sought from Defendants since the MLPA was executed, and continuing on after the lawsuit was filed, relating to the MRS loans is the precise information that Defendants produced in the regular course of business with Plaintiffs 1st Fidelity and S&A with each note sale. As documented in greater detail in the accompanying declaration from Laurence Schneider, a copy of which is submitted as Exhibit 3 to this Letter Motion, the documents and information that Defendants have provided Plaintiffs previously without any difficulty, and which should be produced here for the MRS loan portfolio, consist of the following: (1) copies of the boarding summaries for each of the loans; (2) copies of the "View Summary", "View Activity", and "View Ledger" information from the Recovery One System of Records ("RCV1") for each of the MRS loans; (3) RESPA letters and Assignments of Mortgage for the MRS loans; and (4) pre-and post-charge off loan amounts.

As Chase's counsel, Robert Wick, argued to the Court at the May 10, 2017 hearing on Plaintiffs' Motion to Compel, Chase has the relevant documentation to respond to these requests. *See* Lord Decl., ¶ 16, Ex. 5 to Letter Motion. As Mr. Wick argued at the May 10, 2017 hearing:

> I take them to be saying, at least implicitly, we want for the MRS loans what we got for the S&A Capital and 1st Fidelity loans. That's a specific set of data elements.
>
> We reviewed those data elements with Mr. Zeeb and we think it may not line up exactly the way they articulated there, but pretty close to what they are saying on pages 9 through 10, the servicing data elements that they want. We think we can extract from RCV1 and give them, and we are willing to do that.

But here Plaintiffs are seven months later, and the specific data elements that Plaintiffs received for the S&A Capital and 1st Fidelity Loans, still have not been produced for the MRS loans despite assurances to the Plaintiffs and the Court that such documents would be produced.

The frustrating aspect of this dispute, is that deposition testimony of several Chase employees has revealed that employees in the Recovery Department knew from as far back as 2009 that the Bank had the ability to identify the MRS loans by two unique codes that were entered into the Recovery One system of records to ensure that the loans were no collected on: (1) "MRS209;" and 2) "Sold." *See* Exhibit 6 to Letter Motion. Chase employee Launi Solomon testified that after the MLPA was signed in 2009 that the loans were moved to a queue called "MRS209" to be sure that the loans were no longer collected on. This clearly did not happen as is evidenced by the dozens of examples produced by Chase of continued collection on loans sold to MRS. *See* Lord Decl., ¶ 16, Ex. 5 to Letter Motion. Ms. Solomon testified that she knew about the "MRS209" code since 2009, and sent the principal investor of MRS, Laurence Schneider, a spreadsheet indicating that such loans could be found under the Agency Code "MRS209" and the Collector Code "Sold" on December 28, 2009. See Exhibit 7 to Letter Motion. Despite this evidence, Chase purported in its Response to Plaintiffs' First Motion to Compel in an Affidavit by the Recovery Department Vice President Michael Zeeb, that Chase was unable to search by any code the loans bought in the MRS transaction. *See* Exhibit 8 to Letter Motion. It was not until the day before a hearing on a second Motion to Compel of May 10, 2017 that Chase admitted they mislead the Court by stating that the loans in the MRS pool could not be searched. *See* Exhibit 9. Upon searching the entirety of the ~700,000 loan files produced by Chase, only four instances of "MRS209" were returned, which ironically were copies of the "View Summary", "View Activity", and "View Ledger" information from the Recovery One System of Records, proving that Chase has the ability to produce this data but refuses to produce them for **all** of the MRS loans. *See* Lord Decl., ¶ 16, Ex. 5 to Letter Motion.

Further, as detailed in the Lord Declaration, there remain several unanswered questions about the contents of the spreadsheets that Chase has produced, ostensibly as a proxy to the production of the underlying documentation that Plaintiffs have requested and not received. Plaintiffs need Defendants to provide answers to these questions to clarify the content of these spreadsheets because the answers to these questions are directly relevant to the damages that Plaintiffs have suffered in this action. These questions touch on the following relevant issues: (a) the mortgage position on the loans sold to MRS; (b) the complete identity of which of Plaintiffs' borrowers received a debt extinguishment letter; (c) the inventory of lien releases in the iVault files; and (d) pre-charge-off loan history and post-sale collections as Chase has continued to collect on Plaintiffs' loans. *See* Lord Decl., ¶¶ 2-16. Plaintiffs requested an FRE 30(b)(6) deposition to answer these requests, but Chase refused. *See* Ex. 10 to Letter Motion.

Plaintiffs request this Court order Chase to produce the responsive documents that have not been produced to date, despite the outstanding court orders. Additionally, Plaintiffs request this Court to compel testimony of an individual with knowledge of the information contained within JPMC-MRS-00387298 and 00387337. In any instances where Chase insists on the position that it has no responsive documents or information responsive to the requests, Plaintiffs request the Court to require Chase to provide a written certification to that effect from a person authorized to speak about its various Systems of Records.

Very truly yours,

s/Brent Tantillo
Brent Tantillo
Tantillo Law PLLC
100 Church Street, 8th Fl.
New York, N.Y.  10007
*btantillo@tantillolaw.com*


cc:     All Counsel of Record (via ECF)