UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MORTGAGE RESOLUTION SERVICING,
LLC, et al.,

       Plaintiffs,

 -v-                                             No.  15 CV 293-LTS-RWL

JPMORGAN CHASE BANK, N.A., et al.,

       Defendants.

-------------------------------------------------------x

## MEMORANDUM ORDER

        Before this Court is a motion for partial reconsideration (docket entry nos. 430-31, the "Motion") brought by Plaintiffs Mortgage Resolution Servicing, LLC, 1st Fidelity Loan Servicing, LLC, and S&A Capital Partners, Inc. (together, the "Plaintiffs"), of the Court's September 27, 2019, Memorandum Opinion and Order (docket entry no. 423, the "September Order"), in which the Court granted, in relevant part, a motion for summary judgment brought by Defendants JPMorgan Chase Bank, N.A., JPMorgan Chase & Co., and Chase Home Finance, LLC (collectively, "Chase" or "Defendants").  In their Motion, Plaintiffs contest the September Order's dismissal of Plaintiffs' breach of contract claims for alleged breaches that occurred on or after December 24, 2009, on the basis that the Plaintiffs had failed to proffer sufficient proof of damages suffered as a consequence of the relevant alleged contract breaches to raise a triable issue of fact.  (See September Order at 24-27.)  Plaintiffs argue that reconsideration of the Court's decision is warranted because the Court overlooked evidence on the record that could support a finding of damages, and therefore the Court's dismissal of the breach of contract claims at issue here results in both a clear error and manifest injustice.  The Court has

jurisdiction of this action pursuant to 28 U.S.C. section 1332.  The Court has reviewed and considered carefully all of the parties' submissions and, for the following reasons, Plaintiffs' Motion is denied.[1]

"Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." MPD Accessories B.V. v. Urban Outfitters, Inc., 2014 WL 3439316, at *1 (S.D.N.Y. July 15, 2014) (internal quotation marks omitted).  Accordingly, "[t]he major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error of law or prevent manifest injustice."  Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple[."]  Analytical Surv., Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted).  "[U]nless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court[,]" reconsideration is "generally denied."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  "The standard for reconsideration is strict and is committed to the discretion of the court." S.E.C. v. Wojeski, 752 F. Supp. 2d 220, 223 (N.D.N.Y. 2010) aff'd sub nom. Smith v. S.E.C., 432 F. App'x 10 (2d Cir. 2011).

The Court, which had reviewed carefully all of the parties' submissions in connection with the summary judgment motion practice, granted the relevant aspect of

---

[1] The Court assumes the parties' familiarity with the background facts of this case, which are laid out in detail in the Court's prior Memorandum Opinions and Orders issued in this case, including the September Order.  (See docket entry nos. 140, 288, and 423.)

Defendants' motion based on determinations that: the evidence proffered by the Plaintiffs was insufficient to frame a genuine issue of material fact with respect to Plaintiffs' alleged damages; the Plaintiffs failed to demonstrate the legal viability of certain of their theories of damages; and Plaintiffs' promise to produce evidence of damages at a later stage through trial testimony was insufficient to meet their burden at the summary judgment stage to produce hard evidence showing that there is a genuine issue of material fact for trial.

In their instant Motion, Plaintiffs fail to proffer additional, admissible evidence to correct the flaws previously found by the Court, identify any clear error in the Court's reasoning that warrants reconsideration, or demonstrate that manifest injustice would result from a failure to reconsider the Court's decision in the September Order.  Rather, Plaintiffs' Motion consists primarily of attempts to relitigate issues previously argued in their opposition to Defendants' motion for summary judgment (see docket entry no. 388) and decided by the Court in the September Order.  For example, Plaintiffs argued in the summary judgment motion practice that "[i]n total, the recorded lien releases and debt forgiveness letters sent by Chase to borrowers interfered with over $16 million in secured debt after March 1, 2012 alone."  (See docket entry no. 388 at pg. 5 (citing Plaintiffs' Counter Statement of Facts, docket entry no. 387 at ¶ 73) (discussing Chase's monetary gains resulting from settlement agreements with the U.S. Government after granting consumer relief on loans sold to Plaintiffs).)  In their Motion, Plaintiffs now reargue this point, without citing any evidence or authority as support, by submitting that the Court erred by conflating the Plaintiffs' argument regarding Chase's interference with its $16 million in secured debt with Chase's monetary gains because Plaintiffs were actually arguing "that Chase's actions obliterated $16 million in recoverable loan equity." (See Motion at 5).  Plaintiffs point to nothing in the record that would have supported a

reasonable determination that the alleged $16 million Chase received in benefits from the United States government correlated to "recoverable loan equity." Indeed, Plaintiffs' conclusory arguments that the Court's findings in the September Order with respect to Plaintiffs' alleged damages were clearly erroneous or work manifest injustice, without more than a recharacterization of arguments previously made, are insufficient to warrant reconsideration.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration is denied. This Memorandum Order resolves docket entry nos. 430 and 431.

SO ORDERED.

Dated: New York, New York
January 22, 2021

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge